RAND, APPELLEE, *v.* RAND, APPELLANT.

[Cite as Rand *v.* Rand (1985), 18 Ohio St. 3d 356.]

(No. 84-1379—Decided August 7, 1985.)

358

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A, Marshall J. Wolf* and *Deborah R. Akers,* for appellee.

*Stewart & DeChant Co., L.P.A.,* and *Lawrence E. Stewart,* for appellant.

LOCHER, J. Appellant presents four propositions of law. For the reasons set forth herein, we find these propositions lack merit and therefore affirm the court below.

Appellant's first proposition of law states that "Article I, § 7 of the Ohio Constitution prohibits a domestic relations court from ordering a support-paying spouse to make charitable contributions to a place of worship for the purpose of indoctrinating a minor child in the religious beliefs espoused by that place of worship." A similar constitutional argument was raised, thoroughly analyzed, and rejected in *In re Landis* (1982), 5 Ohio App. 3d 22. We adopt the *Landis* court's position, as did the appellate court below, and quote the following as being directly on point to the cause *sub judice*:

"* * * It is quite difficult to understand how judicial enforcement of a contract for the payment of money can constitute violation of the Establishment Clause of the First Amendment, *i.e.,* constitute passing a law respecting an establishment of religion. If this were the case, a court could not enforce promises, supported by consideration, to pay money to churches and other religious organizations * * *." *Id.* at 28.

Similarly, appellant herein agreed, of his own free will, to reimburse his wife for his son's religious education. Such a consensual agreement ordinarily does not fall within the ambit of the Establishment Clause of the federal or state Constitution. The language in Section 7, Article I of the Ohio Constitution, that "[n]o person shall be compelled to * * * support any place of worship * * * against his consent," in part dispels appellant's argument. Moreover, appellant's averred rights would be counterbalanced by appellee's right to freely exercise her religion and her right, as the custodial parent, to formulate and implement the child's religious education. See *In re Landis, supra,* at 24-27.

We held in *Robrock* v. *Robrock* (1958), 167 Ohio St. 479 [5 O.O.2d 165], paragraph four of the syllabus, that "[i]n a divorce case, the court, to give effect to a separation agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court,

in the absence of an agreement of the parties, would not have the power to make the resultant decree.'' Mutually agreed-upon provisions, in the context of a separation agreement incorporated into a divorce decree, although not originally imposed by a court, are ordinarily enforceable by a court. Accordingly, we reject appellant's first proposition of law and hold that judicial enforcement of a separation agreement, incorporated into a divorce decree, which requires a noncustodial parent to pay tuition for his child's religious education, does not offend Section 7, Article I (the religious freedom provision) of the Ohio Constitution.

Appellant's second proposition of law contests the propriety of awarding attorney fees in a post-divorce decree motion without a showing of necessity. A showing of necessity, however, is not a prerequisite to awarding attorney fees. It is well-established that an award of attorney fees is within the sound discretion of the trial court. *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92 [38 O.O.2d 224], syllabus; *Wolf* v. *Friedman* (1969), 20 Ohio St. 2d 49 [49 O.O.2d 306]; *Cohen* v. *Cohen* (1983), 8 Ohio App. 3d 109, 111. This trial court's discretion will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

In the instant case, a review of the record shows testimony to support the amount of fees awarded. Accordingly, we cannot say that the trial court abused its discretion in awarding attorney fees.

Appellant's third proposition of law asserts that the ''referee's report * * * *failed to include a statement of facts* relevant to the issues of the defense of laches, waiver by Appellee of her rights and estoppel of Appellee to assert that additional support was owed to her.'' (Emphasis *sic.*) Appellant cannot, however, object that there was insufficient evidence to support the referee's determination as adopted by the trial court since the trial court had sufficient evidence to make its determination. This evidence was based upon, *inter alia,* the express language of paragraph four of the separation agreement which specifically excluded waiver of strict performance as a defense and the testimony of appellee's present husband, Edward B. Goorno, who stated that he had informed appellant that no waiver had been effected. More importantly, it was incumbent upon appellant to provide the necessary evidence if, *arguendo,* such evidence was indeed lacking. *Zacek* v. *Zacek* (1983), 11 Ohio App. 3d 91. See, also, *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86 (generally, each party must bear the responsibility for bringing forth evidence as to his or her need). Similarly, appellant's other defenses involving laches and estoppel are equally unpersuasive. See *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72.

Appellant's final proposition of law avers that because the support agreement stipulated that college costs were to be paid to the appropriate parties, and not as reimbursement to the wife, appellee cannot now seek reimbursement. This desire for strict construction of the separation agreement is ironic in view of appellant's previous argument that this court ig-

nore the express terms of the separation agreement with respect to the waiver issue. Regardless, as the court of appeals noted, it was because of appellant's refusal to provide for his son's college education that appellee was forced to pay the university. If appellant had performed his obligation as the separation agreement expressly stipulated, there would now be no need for reimbursement. Accordingly, we once again are unpersuaded by appellant's incongruous, if not imaginative, argument.

For the reasons set forth herein we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs separately.

CELEBREZZE, C.J., concurring. I am in accord with the majority. I write separately, however, to emphasize that the decree was valid irrespective of the parties' agreement. This is so because judicial enforcement of a divorce decree requiring a noncustodial parent to pay support for a child's religious education neither violates the Establishment or Free Exercise Clause of the First Amendment to the United States Constitution, nor does it contravene the comparable provisions of Section 7, Article I of the Ohio Constitution. *In re Landis* (1982), 5 Ohio App. 3d 22.

It is settled that the custodial parent of a minor child has the choice of religiously educating the child. *Hackett* v. *Hackett* (C.P. 1957), 77 Ohio Law Abs. 98 [4 O.O.2d 245], affirmed (1958), 78 Ohio Law Abs. 45 (custodial parent does not have to raise the child as a Catholic as provided by an agreement embodied in the custody decree); *O'Neill* v. *O'Neill* (1965), 45 Misc. 2d 1, 255 N.Y. Supp. 2d 776 (religious training of children per agreement will not be enforced against the custodial parent).

The court in *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157 [75 O.O.2d 250], reasoned at 162-163:

"The defendant, thus, has no standing to raise that constitutional issue, because the constitutional protection is afforded to the person having personal care and control of the children. It is obvious that if an unwilling parent is forced, by court order, to raise a child in a religion which she disbelieves, the child will suffer. The welfare of the children is in the hands of the plaintiff, and, accordingly, she should be afforded the right to determine which school the children should attend."

In my opinion the clause at issue does not amount to a forced religious donation in violation of the Establishment Clause; rather, it is an acceptable form of financial child support designed to partially reimburse the custodial parent for expenses incurred in rearing the child. Likewise, the

provision does not require appellant to practice any religion and does not affect his free exercise rights.

As the court said in *In re Landis, supra,* at 28:

"Appellant's obligation is to pay money for the support of his children, including tuition for their attendance at a private school if that be reasonable and consistent with the standard of living the children would have enjoyed had the marriage continued. From the separation agreement, the trial court is entitled to assume that this is the case. Defendant has a contractual obligation to pay the tuition. Even assuming that he may prefer that his children attend a different private school and is willing to pay the tuition at such different school, the choice of schools is that of the custodial parent, appellee, with the burden of payment of the tuition having been assumed by appellant by contract. * * *"