OPINION
Anthony J. Worthen is appealing the judgment entry and decree of divorce of the Clark County Court of Common Pleas, Domestic Relations Division. The trial court ordered Anthony (for purposes of clarity, we will refer to the parties by their first names) to pay one-half of the parochial school tuition due for one of the minor children and to reimburse Catherine Worthen for one-half of the tuition incurred during the 1999-2000 school year.
We note at the onset that Catherine's brief does not contain a statement of the case nor a statement of the facts, thus under App.R. 16(B), we can infer that she is satisfied with Anthony's statements of the case and facts.
Catherine and Anthony were married on July 6, 1991 and separated in August of 1999. They had two children, one of whom was emancipated during the pendency of the divorce, Jessie Worthen, born April 16, 1982, and the other child, Katie Worthen, born June 5, 1993.
Catherine filed a complaint for divorce on March 13, 2000. A hearing on temporary orders regarding the allocation of debts, child support and other similarly-related matters was held on April 10, 2000. The magistrate ordered Anthony to reimburse Catherine for one-half of Katie's tuition payments at Springfield Christian Schools made on or after March 13, 2000.
Catherine filed a motion to show cause on August 11, 2000, claiming that Anthony had failed to reimburse her for the school tuition. The magistrate found that Anthony had not been in contempt because Catherine had failed to mail Anthony copies of the canceled checks or receipts for the tuition as ordered. The magistrate modified the order so that Catherine, who worked at the school and had the tuition payments deducted from her paycheck, could mail copies of her paychecks to Anthony as proof of payment for reimbursement purposes. 3 The magistrate filed his decision and decree of divorce on January 24, 2001. Catherine was awarded "immediate reimbursement" of one-half of Katie's tuition for the 1999-2000 school year. The magistrate also ordered Anthony to pay one-half of the tuition costs for Katie's 2000-2001 school year and the years subsequent.
Anthony filed his objections to the magistrate's decision on February 6, 2001. He argued that he had not been in agreement with Katie's attendance at the private school because the child resides in an area with an excellent school district, and thus he should not be held responsible for one-half of the tuition. On May 25, 2001, the trial court filed its decision overruling Anthony's objections and adopting the magistrate's decision regarding the school tuition issue. Anthony now appeals the trial court's decision regarding the school tuition issue. He asserts five assignments of error for our review.
 I.
The trial court applied an improper standard of review on objection.
In this assignment of error, Anthony contends that instead of applying a de novo standard of review, the trial court erred by applying an abuse of discretion standard and reviewing Anthony's objections as if he proposed a manifest weight of the evidence argument. In particular, Anthony contends that the trial court failed to address his constitutional issues implicated by his having been ordered to pay the private school tuition and his argument that Catherine's noncompliance with the prerequisites for her being reimbursed with the tuition monies should preclude her from receiving such reimbursement.
We have examined the trial court's decision and have concluded that the trial court erred by failing to review Anthony's constitutional arguments and by reviewing the magistrate's recommendation as if it was an appellate court reviewing a trial court's decision. The trial court stated as follows:
 Defendant's second Objection concerns the Magistrate's Order obligating the Defendant to pay one-half of the minor child's Christian school expenses. Upon independent review of the transcript of the hearing which took place before the Magistrate on January 9, 2001 and upon reviewing the Magistrate's Findings and Orders concerning this issue, this Court finds that the Magistrate's Decision in this regard was supported by ample, competent and credible evidence. To this end, the Court fails to find error in the Magistrate's Decision concerning this issue and, in consideration of the foregoing, the Court finds that Defendant's Objection concerning this issue is not well taken. (Emphasis ours.)
(Doc. No. 53, p. 2.)
In this case, the trial court must undertake the equivalent of a "de novo" determination in light of any filed objections, when independently assessing facts and conclusions contained in the magistrate's report. Civ.R. 53(E)(3)(b). See, also, In re Thomas (Apr. 7, 2000), Montgomery App. No. 18029, unreported. The trial court may not defer to the magistrate in the exercise of a de novo review. Knauer v. Keener (June 15, 2001), Clark App. No. 2000-CA-101, unreported. As we stated in Knauer:
 The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. If the recent amendment to Civ.R. 53 were to be construed otherwise, that would result in the creation of approximately 600 new statutory and constitutional courts in Ohio, presided over by judicial officers who are not directly accountable to the electorate. We do not understand that the Ohio Supreme Court or the General Assembly intended that result when Civ.R. 53 was amended.
Since the trial court improperly used an appellate standard to review the magistrate's report and recommendation, we cannot conduct an appropriate review of the trial court's decision, and this assignment of error is sustained.
We are not directing the trial court to sustain Anthony's objections, we are merely directing the trial court to consider Anthony's arguments. In fact, we wish to note that Ohio courts have found that an order such as the one at issue does not violate the Establishment Clause because "(a) it has a secular purpose, (b) its primary effect neither advances nor inhibits religion, and (c) it does not foster excessive government entanglement with religion." Chrnko v. Chrnko (May 7, 1987), Cuyahoga App. No. 52103, unreported. See, also, Rand v. Rand (1985),18 Ohio St.3d 356; In re Landis (1982), 5 Ohio App.3d 22; and Mussara v. Mussara (Oct. 28, 1988), Geauga App. No. 1432, unreported. To this date, no Ohio court has found such an agreement to be a violation of the Establishment Clause.
Furthermore, the Fourth District Court of Appeals in Smith v. Null (2001), 143 Ohio App.3d 264, held that the trial court's order did not violate appellant's constitutional rights by ordering him to reimburse appellee for their child's private school tuition. The Smith court quoted a Superior Court of New Jersey case of Hoefers v. Jones (1994),288 N.J. Super. 590, 672 A.2d 1299, which found that "payments for a child's education are a parent's obligation," and "are part of the father's parental obligations as opposed to payments made directly to the institutions for their support." Id. at 269.
Finally, in Chrnko, supra, the Eighth District Court of Appeals upheld the constitutionality of a similar order where there was at least tacit approval by the non-custodial father, and where the trial court maintained status quo. The Chrnko court found:
 Both children regularly attended parochial schools before their parents' divorce, so the order simply enables their mother to continue that practice. Since the wife exercises her prerogative as the custodial parent, by continuing the children's parochial education, the choice is hers and not the court's. Hence, there is no "imprimatur of state approval." The order creates no government entanglement with religion, since it could not involve the state in religious affairs.
(Citations omitted.)
To the extent that we conclude that the trial court erred by failing to conduct a de novo review of the magistrate's decision regarding the school tuition issue, Anthony's first assignment of error is sustained and the case is reversed and remanded to the trial court for a determination consistent with this opinion.
WOLFF, P.J. and BROGAN, J., concur.