OPINION
On January 27, 1998, Cheryl Ann Daniels (hereinafter "Ms. Mobley") filed a complaint in the Franklin County Court of Common Pleas, Division of Domestic Relations, seeking a divorce from her husband, Gary Dean Daniels. Mr. Daniels filed an answer and counterclaim. By way of brief background, Ms. Mobley and Mr. Daniels began residing together as husband and wife in 1981. In 1983, Ms. Mobley took steps to formally change her last name to Daniels. A marriage ceremony was conducted in 1987. Three children were subsequently born as issue of the marriage, one of whom is now deceased. One of the children suffers from multiple congenital birth defects. A guardian ad litem was appointed to represent the interests of the children.
On May 11, 1999, the allocation of parental rights and responsibilities was referred to a magistrate for final disposition. On May 9, 2000, the magistrate rendered a decision on the allocation of parental rights and responsibilities. On this same date, the trial court adopted the magistrate's decision. Ms. Mobley was designated the residential parent and legal custodian of the children, and Mr. Daniels was awarded companionship. Mr. Daniels was ordered to pay $473.38 per child per month as child support. Ms. Mobley was ordered to maintain health insurance for the children, and the parties were ordered to equally pay the children's uncovered medical expenses.
Mr. Daniels filed objections to the magistrate's decision. These objections were "dismissed" on September 19, 2000. Various other motions, including contempt motions, were subsequently filed.
A trial on the divorce and division of property was held before a judge in April 2001. On September 7, 2001, the trial court journalized a decision and judgment entry/decree of divorce. Mr. Daniels (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN ORDERING APPELLANT TO MAINTAIN HEALTH INSURANCE FOR THE CHILDREN.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW IN FAILING TO RECALCULATE CHILD SUPPORT AFTER ORDERING APPELLANT TO MAINTAIN HEALTH INSURANCE FOR THE MINOR CHILDREN.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT TO APPELLEE.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY ATTORNEY FEES INCURRED BY APPELLEE.
ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY ALL THE GUARDIAN AD LITEM FEES.
ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING EACH PARTY ONE-HALF OF THE BALANCE OF FUNDS IN ACCOUNTS AS OF DECEMBER 1, 1997.
ASSIGNMENT OF ERROR NO. 7
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO RECALCULATE CHILD SUPPORT BASED UPON THE EARNING ABILITIES OF THE PARTIES AS OF THE DATE OF THE FINAL HEARING AND AFTER AWARDING SPOUSAL SUPPORT.
ASSIGNMENT OF ERROR NO. 8
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO USE THE DATE THE PARTIES SEPARATED AS THE MARRIAGE TERMINATION DATE.
ASSIGNMENT OF ERROR NO. 9
 THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DIVISION OF THE PROPERTY AND ALLOCATION OF DEBTS.
In his first assignment of error, appellant contends the trial court erred in ordering him to maintain health insurance for the children. In the May 9, 2000 magistrate's decision on allocation of parental rights and responsibilities, adopted by the trial court on the same date, Ms. Mobley (hereinafter "appellee") was ordered to maintain health insurance for the children. Appellee did not object to this decision. However, in the final divorce decree, the trial court found that it was not in the best interest of the children for appellee to maintain their health insurance and, instead, ordered that appellant maintain such.
Appellant asserts the trial court erred in reconsidering this issue since appellee never objected to the earlier magistrate's decision, there was never any motion filed putting health insurance back into issue, and there was no evidence presented at the contested divorce trial upon which to base the trial court's order that appellant now maintain health insurance for the children. For the reasons that follow, we find appellant's argument well-taken.
As indicated above, the allocation of parental rights and responsibilities was referred to a magistrate for final disposition. The magistrate determined that appellee should maintain health insurance for the children, and the trial court adopted this decision. Appellee never objected to this determination nor did she file a motion or otherwise seek a modification of this order. In addition, we note that appellee's trial statements indicated that it was her position that she would maintain health insurance for the children.
The issue of who would maintain health insurance for the children was finally determined by the magistrate in the May 9, 2000 decision adopted by the trial court, and there is nothing in the record to indicate that this was going to be an issue at the divorce trial. Because there was no objection filed and no motion was made to modify such order, the trial court erred in sua sponte changing the order to require appellant to maintain health insurance. If appellee desires a modification of the order regarding health insurance, she may file the appropriate motion. See, for example, R.C. 3119.33.
To the extent the final judgment entry ordered appellant to maintain health insurance for the children, such judgment is reversed. Accordingly, appellant's first assignment of error is sustained.
In his second assignment of error, appellant asserts the trial court erred in failing to recalculate his child support obligation in light of him being ordered to maintain the children's health insurance. Given our disposition of the first assignment of error, the second assignment of error is moot.
In his third assignment of error, appellant contends the trial court erred in awarding spousal support. In the divorce decree, the trial court ordered appellant to pay appellee $25 per month for seventy-two months as spousal support, retaining jurisdiction to modify this. Our review of a trial court's determination as to spousal support is limited to whether or not the trial court abused its discretion. See Casper v. DeFrancisco, Franklin App. No. 01AP-604, 2002-Ohio-623, at ¶ 16. In determining whether spousal support is appropriate and reasonable, and in determining the amount and duration of spousal support, the trial court must consider the factors listed in R.C. 3105.18(C)(1).
Appellant contends the trial court erred in finding, pursuant to R.C.3105.18(C)(1)(b), that he was capable of earning between $38,500 and $55,000 per year. However, there was evidence in the record that appellant had such earning potential. (See Tr. at 142-143.) Further, in 1997, appellant earned $42,000. Appellant did testify that his gross income in the year 2000 was approximately $24,100 and that he expected to make that same amount in 2001. Indeed, the trial court found that appellant's income was $24,104. However, given all of the evidence, the trial court did not err in determining that appellant was capable of earning between $38,500 and $55,000 per year.
Appellant also finds fault with the trial court's determination that appellee was capable of earning $14,040 per year. Appellant contends, in essence, that the trial court erred in determining, pursuant to R.C.3105.18(C)(1)(f), that it was inappropriate for appellee to work full-time given their daughter's disabilities. However, the trial court's determination in this regard was supported by the evidence and was well within its discretion.
Appellant next asserts the trial court erred in determining that the duration of the marriage was seventeen years, three months. The trial court determined that the parties were in a common law marriage beginning in January 1983 and that such marriage terminated on the date of the final hearing — April 26, 2001. Appellant contends the trial court should have found the marriage terminated on the date the parties separated, which appellant contends was June 1998.
We see no abuse of discretion or other error in the trial court's determination in this regard. Further, we see no prejudice stemming from the trial court's determination. There are a variety of factors at play in the trial court's determination on spousal support, only one of which is the duration of the marriage. Given all of the evidence before the trial court and the small amount of monthly spousal support actually ordered in this case, we find no error, let alone prejudicial error, in the trial court's determination of the duration of the marriage in the context of spousal support.
As to the remaining factors in R.C. 3105.18(C)(1), we find no evidence or other equitable considerations that would lead us to determine the trial court abused its discretion in awarding appellee $25 per month for seventy-two months as spousal support. Given all of the evidence and circumstances presented in this case, such an award was not an abuse of discretion.
Accordingly, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends the trial court erred in awarding attorney fees to appellee. Appellant asserts that the attorney fees issue was already determined in the magistrate's May 9, 2000 decision. In such decision, which was adopted by the trial court, the magistrate denied appellee's request for interim attorney fees because he found appellee would not be prevented from fully litigating her rights and adequately protecting her interests if no fees were awarded. R.C. 3105.18(H) states:
 In divorce * * * proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees. [Emphasis added.]
Under R.C. 3105.18(H), reasonable attorney fees are awardable at any stage of the proceedings. Hence, the fact that the magistrate determined at that time that attorney fees were not warranted does not preclude a different finding later in the proceedings. Accordingly, the trial court was not precluded from awarding attorney fees in the final decree simply by virtue of the fact that a previous request for interim fees was denied. However, the trial court did have to comply with the dictates of R.C. 3105.18(H).
In order to award attorney fees under R.C. 3105.18(H), a trial court must determine that the attorney fees are reasonable, the payor has the ability to pay the attorney fees, and the other party will be prevented from fully litigating his or her rights and adequately protecting his or her interests if attorney fees are not awarded. See Trott v. Trott, Franklin App. No. 01AP-852, 2002-Ohio-1077, at ¶ 10. In general, it is within the sound discretion of the trial court to award attorney fees in a divorce action. Trott at ¶ 8, citing Rand v. Rand (1985),18 Ohio St.3d 356, 359.
In the case at bar, the trial court ordered appellant in the divorce decree to pay $1,310 owed to Marcia Zand, appellee's former attorney. In addition, the trial court found appellee owed her present attorney, Gregg Lewis, $5,268.97 as of April 3, 2001, and the trial court ordered appellant pay one-half of this amount. As to the fees owed to Marcia Zand, appellee testified that she owed Ms. Zand over $12,000. (Tr. 13.) Later, appellee testified that she owed Ms. Zand $6,118 and that she had paid Ms. Zand almost $10,000 in attorney fees. Id. at 71. The only other evidence submitted was plaintiff's exhibit No. 11, a statement from Ms. Zand's law firm dated January 12, 2000. The statement merely indicated that the balance was $1,310. This is the amount the trial court ordered appellant to pay.
We find the trial court erred in ordering appellant to pay the $1,310 owed by appellee to Ms. Zand. There was no testimony as to what this figure represented. While the trial court could reasonably infer that the $1,310 represented legal fees stemming from Ms. Zand's representation of appellee, more evidence was necessary to support an award. For example, there was no breakdown of the work performed or Ms. Zand's hourly rate. Rather, plaintiff's exhibit No. 11 merely indicated that appellee had a balance forward of $1,280 and a charge on January 10, 2000 of $30, for a total of $1,310. Obviously, there was no testimony regarding the reasonableness of this figure. The lack of evidence as to Ms. Zand's fees, including appellee's conflicting testimony, leads this court to conclude that an award of attorney fees was erroneous without additional evidence and findings.
The trial court also ordered appellant to pay one-half of the $5,268.97 owed to Mr. Lewis. Appellee testified that she had paid Mr. Lewis $5,000-6,000, which she had to borrow from family members, and that she owed him $5,268.97. Id. at 12. Plaintiff's exhibit No. 1 was an April 3, 2001 invoice from Mr. Lewis showing appellee's outstanding bill. This invoice showed itemized billings (i.e., services rendered, time spent, hourly rate(s), total amounts) totaling $768.46. In addition, the invoice showed a previous balance of $4,500.51, for a total of $5,268.97. There was no breakdown or itemization of the $4,500.51 previous balance.
We find that an attorney fees award based on the itemized $768.46 was proper. Such amount was supported by sufficient and specific evidence, and the trial court could properly conclude that Mr. Lewis's hourly rates of $60 and $175 were reasonable. However, there was not such sufficient or specific evidence in regard to the $4,500.51 previous balance. For essentially the same reasons as discussed with regard to Ms. Zand's fees, there simply was insufficient evidence to find such fees were reasonable. Hence, it was error to grant an attorney fees award as to these particular fees without additional evidence and factual findings.
However, as indicated above, the $768.46 owed to Mr. Lewis was reasonable and supported by the evidence. The trial court ordered appellant to pay one-half of Mr. Lewis's attorney fees. Of course, the trial court ordered this in the context of total fees of $5,268.97. But for the lack of evidence on the specifics of the previous balance owed Mr. Lewis, the evidence supported the trial court's conclusion that appellant had the ability to pay one-half of the $5,268.97 and that appellee would have been prevented from fully litigating her rights and adequately protecting her interests if such an award was not made. The trial court correctly concluded that appellant was able to pay $2,634.49 (one-half of $5,268.97) in attorney fees. However, there was insufficient evidence as to the reasonableness of all but $768.46 of the $5,268.97.
In summary, the trial court erred in ordering appellant pay the fees owed to Ms. Zand without additional evidence and factual findings. The same is true with respect to the fees owed to Mr. Lewis. For this reason, appellant's fourth assignment of error is sustained in part and the cause will be remanded for further proceedings with respect to attorneys fees.
In his fifth assignment of error, appellant contends the trial court erred in ordering him to pay certain fees appellee owed the guardian ad litem. In the final judgment entry, the trial court found that appellee owed the guardian ad litem $999.45 as of March 19, 2001. At trial, appellee submitted an exhibit showing that her portion of the guardian ad litem fees owed was $999.45. The trial court ordered that appellant pay this amount. Appellant contends that given the history of orders relating to guardian ad litem fees, the trial court's final order was erroneous. Such history follows.
In the magistrate's May 9, 2000 decision on the allocation of parental rights and responsibilities, appellant was ordered to pay $4,294 in guardian ad litem fees. Appellee was ordered to pay $566 in guardian ad litem fees. These figures represented an 80/20 split of the total fees due the guardian ad litem at that time. On October 13, 2000, the guardian ad litem filed an affidavit for fees, requesting the trial court order certain unpaid fees be paid to her. The affidavit indicated that appellee had paid $266 of the $566 she had been ordered to pay and that appellant had paid nothing. The affidavit also indicated that since the May 9, 2000 decision, an additional $1,272.80 in fees had been generated. The amount for preparation and filing of the affidavit was not included in this new amount.
On December 5, 2000, the magistrate found that the additional $1,272.80 in new guardian ad litem fees was reasonable and in the best interest of the children. Further, no party had filed any objections to the guardian ad litem's fee affidavit. The magistrate ordered that appellee pay twenty percent of the new fees ($254.56) and that appellant pay eighty percent of such fees ($1,018.24). Further, the magistrate stated that the guardian ad litem was under no obligation to perform any additional services until all fees were paid. The magistrate noted that the guardian ad litem fees were in the nature of child support and that the failure to pay could result in a continuation of the hearing and/or contempt proceedings. The magistrate's decision was adopted by the trial court on December 5, 2000, and no objections were filed.
On April 20, 2001, the guardian ad litem filed a motion for contempt against appellant for his alleged failure to pay guardian ad litem fees in accordance with previous orders. According to the guardian ad litem, appellant owed $5,313.24 of the $6,162.80 owed her. On June 20, 2001, a memorandum of agreement was filed, indicating that the guardian ad litem agreed to accept a total payment from appellant of $3,600 and that if appellant failed to pay such amount as agreed upon, then appellant would owe $5,312.24,[1] plus $300.
Again, in the final judgment entry/decree of divorce, the trial court ordered that appellant pay $999.45 owed by appellee to the guardian ad litem. For the same reasons as set forth under the first assignment of error, the trial court erred in ordering appellant pay such fees, but only as to fees that had been ordered as of December 5, 2000. As to such fees, no objections were ever filed and, as it did with the health insurance issue, the trial court erred in revisiting the issue of who should pay these amounts. At the time of the December 5, 2000 magistrate's decision, appellee was ordered to pay $254.56. Appellee had previously been ordered to pay $566 in guardian ad litem fees, for a total owed of $820.56. Appellee paid $266 of this amount and, therefore, owed the guardian ad litem $554.56 as of December 5, 2000. Appellant should not have been ordered to pay this amount.
However, since that time, the guardian ad litem had incurred additional fees. Contrary to appellant's contention, the guardian ad litem was not absolutely relieved of her duties in the case. Rather, she was given the option of not performing additional duties if the fees were not paid as ordered on December 5, 2000. The guardian ad litem apparently did perform additional services. Given the equities involved in the case, the trial court did not err in ordering appellant to pay appellee's portion of these additional fees, which totaled $442.89. Such figure represents the total amount appellee owed the guardian ad litem at the time of trial ($997.45), minus the $554.56 she had owed the guardian ad litem on December 5, 2000. Therefore, the trial court's award of guardian ad litem fees must be modified so that appellant is required to pay only $442.89 of the amount appellee owes the guardian ad litem and that appellee pay the remaining $554.56.
Accordingly, appellant's fifth assignment of error is sustained in part and overruled in part.
In his sixth assignment of error, appellant contends the trial court abused its discretion in its division of the parties' assets. As to the division of funds in the parties' bank accounts, the trial court found that neither party presented evidence of the balances of any bank accounts at the time of trial. The trial court noted that at the time the original complaint and counterclaim were filed (January/February 1998), appellee had $700 in her checking account and appellant had $500 in a checking account. The trial court ordered that each party be awarded these respective amounts and that they divide any remaining balance of funds left in any accounts as of December 1, 1997, the date the trial court found the parties separated.
Appellant asserts the trial court erred in ordering that the parties divide amounts existing (in excess of the amounts indicated above) on the date the parties separated, which the trial court indicated was on December 1, 1997, because the trial court determined the marriage termination date was the date of the final hearing, April 26, 2001. As the trial court pointed out, there was no evidence presented at trial as to the balances of any accounts. Therefore, the trial court did not abuse its discretion in basing its determination as to division of accounts on the evidence it did have before it and on other equitable considerations. Further, even if the date chosen was erroneous, appellant can show no prejudice, as no evidence as to account balances at any time was presented at trial.
Appellant's sixth assignment of error is overruled.
In his seventh assignment of error, appellant contends the trial court erred in failing to recalculate child support once it awarded appellee $25 per month in spousal support. Further, appellant asserts the trial court should have recalculated child support in light of appellant's changed economic circumstances since the time of the hearing on allocation of parental rights and responsibilities.
As to this assignment of error, we refer to our previous discussion under the first assignment of error. If appellant wishes to modify his child support obligation, he may file the appropriate motion(s). Further, appellant has not shown that the $25 per month (for seventy-two months) spousal support would affect his child support obligation either under the worksheet or as a matter of equity. Given the equitable circumstances which the trial court clearly considered throughout this case, the trial court did not abuse its discretion in awarding appellee $25 per month for seventy-two months in spousal support, even considering that appellant also had a child support obligation.
Appellant's seventh assignment of error is overruled.
In his eighth assignment of error, appellant contends the trial court erred in determining the termination date of the marriage was the date of the final hearing — April 26, 2001. Under R.C. 3105.171(A)(2), the date generally used for determining the duration of a marriage for purposes of property division is the date of the marriage through the date of the final hearing, unless the court determines that use of such dates would be inequitable. Such a determination is left to the sound discretion of the trial court. See Fox v. Fox, Franklin App. No. 01AP-83, 2002-Ohio-2010, at ¶ 107.
In the case at bar, appellee moved out of the marital residence in June 1998. Appellant has pointed to no evidence that would lead this court to find that the trial court abused its discretion in determining that for purposes of dividing property, the marriage terminated on the date of the final hearing — April 26, 2001.
Accordingly, appellant's eighth assignment of error is overruled.
In his ninth assignment of error, appellant contends the trial court abused its discretion in its division of property and allocation of debts. A trial court has broad discretion in making divisions of property in domestic relations cases. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401. Under R.C. 3105.171(C)(1), a division of marital property shall be equal unless such would be inequitable. In making such division, the trial court must consider all relevant factors, including those set forth in R.C. 3105.171(F). See R.C. 3105.171(C)(1).
R.C. 3105.171(F) lists a variety of factors, and R.C. 3105.171(F)(9) states that the trial court shall consider any other factor that it finds to be relevant and equitable. Here, the trial court specifically stated that the division of property was equitable if not precisely equal. Appellant takes issue with the way the trial court divided household goods and furnishings. However, minimal evidence was presented about these items. Given this, and the equitable considerations, we can find no abuse of discretion in this regard.
As to debts, the bulk of the debts were discharged during the parties' respective bankruptcies. Since appellant did not pay his child support as ordered, appellee ran up her Visa card in order to provide for herself and the children. The trial court was clearly within its discretion to order appellant pay the balance of the bill at the time of the hearing ($1,019.80), including membership fee(s), which was necessitated by his failure to fulfill his support obligation.
Appellant also contends the trial court erred in holding him liable for any tax liability or liens incurred during the marriage.[2] We find no abuse of discretion here. If tax problems arise, the problems would be more likely the result of the way appellant conducted his own business, rather than the result of appellee's income which was reported on a W-2 form by a reputable employer. The trial court was within its discretion to allocate any past potential tax problems to appellant.
Finally, we can find no abuse of discretion in the trial court ordering appellant to pay one-half of appellee's outstanding medical bills, including counseling bills, existing on the date of the final hearing.
For all of the above reasons, appellant's ninth assignment of error is overruled.
In summary, appellant's first assignment of error is sustained. The second assignment of error is moot. Appellant's third, sixth, seventh, eighth, and ninth assignments of error are overruled. Appellant's fourth and fifth assignments of error are sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part. This cause is remanded to such court for further appropriate proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; and cause remanded.
LAZARUS and DESHLER, JJ., concur.
[1] We note that this amount differs by one dollar from the amount stated to be owed in the April 20, 2001 contempt motion.
[2] The trial court ordered that each party pay their respective tax liability for the years 2000 and forward.