{¶ 1} I concur in both the judgment and the opinion with respect to appellant's first assignment of error. I agree that the trial court's judgment's "automatic" reallocation of parental rights based upon a single, future and unrealized event (residential parent's possible future relocation) exceeds the trial court's present jurisdictional authority.
 {¶ 2} The issues that surround a residential parent's relocation and that relocation's impact upon child custody, frequently arise in post-decree custody modification disputes. Generally, courts, when confronted with this situation, consider a multitude of factors including, but not limited to, the custodial parent's reasons for relocation, the child's quality of life issues, and whether the child's relocation would adversely impact and disrupt the child's meaningful relationship with the non-custodial parent and any extended family or other caretakers. See 2002 Vol. 1 Ohio Domestic Relations Law, Sowald Morgenstern, Section 16:11, page 824-828; R.C. 3109.04.
 {¶ 3} In the instant case, in the event that either party intends to relocate, the trial court will have at that time the opportunity to review all of the pertinent facts and circumstances in deciding whether to modify the residential parent status. I fully agree with the trial court that children need stability, consistency and permanency in their lives, especially during a difficult domestic upheaval. However, the court will be in a more advantageous position in the future to evaluate the children's needs. New information may surface in the future concerning the parties' conduct and parenting skills and may cast a very different light on the situation.
 {¶ 4} With respect to appellant's second assignment of error, I respectfully dissent. Generally, custodial parents may choose the schools to which they send their children. Lawson v. Lawson (Dec. 21, 2001), Lawrence App. No. 01CA25, citing Smith v. Smith (Dec. 28, 1999), Franklin App. No. 98AP-1641; Gardini v. Moyer (1991), 61 Ohio St.3d 479,575 N.E.2d 423 (Wright, J. Dissenting); Rand v. Rand (1985),18 Ohio St.3d 356, 481 N.E.2d 609 (Celebrezze, C.J. Concurring). In the case sub judice, the central issue is whether the trial court may enforce a divorce decree's terms which, ostensibly, include the parties' "agreement" that the children should remain in a particular school district.
 {¶ 5} In Lawson, supra, we noted that the parties' explicit and detailed agreement envisioned that their child would continue to attend a particular high school. Thus, we held that under the unique facts present in that case, the custodial parent should not be permitted to refuse to abide by her explicit agreement regarding the child's schooling, absent a substantial change in circumstances and absent a finding that changing schools would be in the child's interest. In the instant case, however, it appears that the trial court expressed its view that the children should remain in the school district that they now attend. My review of the transcript reveals that the parties understood the court's preference and, in order to be considered for the residential parent award, acquiesced to the court's demand. I find the present case distinguishable from Lawson as this situation did not involve the parties voluntarily reaching an agreement and submitting that agreement to the trial court for approval. Thus, I am reluctant, under these facts, to conclude that appellee waived appellate review of this particular issue. Rather, much like appellant's first assignment of error, I believe that to automatically modify custody in the event that the residential parent chooses to enroll her children in a different school constitutes an abuse of discretion.
 {¶ 6} Once again, I believe that the trial court's obvious concern for the children is laudable. However, in the event that the residential parent desires to enroll her children in a different school system, the court will have the ability at that time to review and to consider all the information available and may make a decision based upon the fully developed facts. At this juncture, it is almost impossible to predict all of the factors that may have a bearing on the children's welfare at some future date. Thus, it is advisable to refrain from deciding this issue until it becomes necessary to do so.
 {¶ 7} With respect to appellant's third assignment of error, I concur in both the judgment and opinion that the trial court did not abuse its discretion by limiting the children's contact with Mr. Harts until a psychologist determines that Harts' presence will not harm the children. The primary responsibility of the guardian ad litem and the trial court is to act in furtherance of the children's best interests. Thus, I agree with the principal opinion that the trial court's action with respect to Mr. Harts is not unreasonable, unconscionable or arbitrary.