OPINION
{¶ 1} Defendant-appellant Loren Miller ("husband") appeals the February 17, 2004 Decree of Divorce entered by the Stark County Court of Common Pleas, Domestic Relations Division, which ordered husband to pay spousal support to plaintiff-appellee Bonnie Miller ("wife") for a period of nine years and six months, and further ordered husband to pay wife $3,000 towards her attorney fees in association with this matter.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married in Hartville, Ohio, on November 28, 1968. Two children were born as issue of said union, both of whom are now emancipated. On May 14, 2002, wife filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division, asserting gross neglect of duty, extreme cruelty, and incompatibility as grounds. Husband filed an Answer and Motion for Conciliation.
 {¶ 3} The matter proceeded to final hearing on March 5, 2003, and June 11, 2003. Via Magistrate's Decision filed October 24, 2003, the magistrate recommended wife be granted a divorce on the grounds the parties had lived separate and apart for a period in excess of one year. The magistrate issued a recommended property division, which is not at issue herein. The magistrate ordered husband to pay spousal support to wife in the amount of $1,100/monthly for a period of nine years and six months, but would terminate upon the death of either party or upon the remarriage of wife. The magistrate further recommended husband pay $3,000 towards wife's attorney fees. Husband filed timely objections to the magistrate's decision. Via Judgment Entry/Decree of Divorce filed February 17, 2004, the trial court overruled husband's objections, and approved and adopted the magistrate's decision as order of the court.
 {¶ 4} It is from this judgment entry husband appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court abused its discretion in awarding spousal support to the wife.
 {¶ 6} "II. The trial court erred in awarding the wife attorneys fees of $3,000.00"
 I {¶ 7} In his first assignment of error, husband contends the trial court abused its discretion in awarding spousal support to wife.
 {¶ 8} As a general matter, we review the overall appropriateness of the trial court's award of spousal support under an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. However, R.C. 3105.18(C)(1) mandates the trial court consider certain factors in making its determination of spousal support. We find our review of the trial court's findings regarding these factors presents a factual analysis, and the trial court's findings must be supported by sufficient, credible evidence. After the trial court has considered the factors, the actual determination of whether or not to award spousal support, as well as the amount and duration of the spousal support award, must be properly reviewed under the more deferential abuse of discretion standard.
 {¶ 9} R.C. 3105.18(C)(1) reads: In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, * * *;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} Specifically, husband argues the trial court failed to consider all of the factors set forth in R.C. 3105.18(C)(1). Husband submits the trial court only considered four of the factors, to wit: the income of the parties; the relative earning abilities of the parties; the health of the parties; the duration of the marriage; and the reasonable monthly expenses of the parties. The trial court found wife's reasonable monthly expenses to be $2,228. Husband argues the number is unsupported and the trial court failed to consider the fact wife had an unrelated male staying with her on occasion, who wife admitted used food, water, and utilities.
 {¶ 25} In her conclusions of law, the magistrate specifically states, "The court has considered the factors set forth in Ohio Revised Code, Section 3105.18(C)(1)(a) through (n). The court considers the present income of the parties and the disparity in their earning potential. The court notes that this is a long marriage and the parties contributed equally to their current status. The wife worked whenever instructed to do so in addition to maintaining the marital home and caring for the parties' children." Thereafter, the magistrate recommended husband pay spousal support in the amount of $1,100 for a period of nine years and six months. The trial court approved and adopted this recommendation.
 {¶ 26} Upon review, we find the trial court satisfied the requirements to provide its facts and reasons for awarding spousal support. Although the trial court did not specifically list each and every factor, we find the trial court considered the length of marriage, the earning abilities of the parties, the health of the parties, and the necessary living expenses. A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v.Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. Accordingly, we find the trial court did not abuse its discretion in ordering spousal support.
 {¶ 27} Husband's first assignment of error is overruled.
 II {¶ 28} In his second assignment of error, husband asserts the trial court erred in awarding attorney fees to wife in the amount of $3,000.
 {¶ 29} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359. R.C. 3105.18(H) reads as follows: "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards."
 {¶ 30} Wife submitted a bill from her attorney in the amount of $10,239.19. The trial court awarded attorney fees in the amount of $3,000. The trial court determined husband had the ability to pay wife's attorney fees. We find the trial court did not abuse its discretion in awarding appellee attorney fees in the case sub judice.
 {¶ 31} Husband's second assignment of error is overruled.
 {¶ 32} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.