OPINION
Appellant Jeffrey Kager appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which denied his motion to modify parental rights and responsibilities. Appellee is the former spouse, Kathy Kager. The facts giving rise to this appeal are as follows.
Appellant and appellee were married on September 14, 1985, in Canton, Ohio. Two children were born as issue of the marriage, Zachary and Jessica. On September 8, 1998, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on October 5, 1998. The trial court set the matter for evidence on June 21, 1999. On July 7, 1999, the trial court rendered a judgment entry granting divorce, naming appellee as residential parent. Appellant appealed the divorce decree, challenging the allocation of parental rights and the award of spousal support to appellee. We thereafter affirmed the decision of the trial court. SeeKager v. Kager (May 22, 2000), Stark App. No. 1999CA00252, unreported.
On November 16, 2000, appellant filed a motion to modify parental rights and responsibilities. An initial hearing was held on December 12, 2000. A pretrial was held on March 8, 2001, followed by an evidentiary hearing on May 16, 2001. Following appellant's presentation of his case, the magistrate issued a recommendation overruling his motion to modify parental rights. Appellant filed an objection thereto, pursuant to Civ.R. 53, on June 25, 2001. Prior to the hearing on appellant's objection, appellee filed a motion for attorney fees pursuant to R.C. 2323.51(B). On September 24, 2001, the trial court judge issued a decision overruling appellant's objection and awarding attorney fees of $1000 to appellee.
Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT THERE HAD NOT BEEN A CHANGE OF CIRCUMSTANCES AND THEREBY DISMISSING APPELLANT'S MOTION AT THE END OF APPELLANT'S CASE.
 II. THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES.
 I
In his First Assignment of Error, appellant argues that the trial court erred in dismissing appellant's motion based on a finding of no change of circumstances. We disagree.
As an appellate court, we review a trial court's decision allocating parental rights and responsibilities under a standard of review of abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
R.C. 3109.04(E)(1)(a) reads in pertinent part as follows:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Appellant recites a number of purported developments in the post-decree period involving the children. The foremost among these is Zachary's desire to reside with appellant, which Zachary expressed during an in-court interview with a magistrate. Tr. at 123. Additionally, appellant points out examples of a general breakdown of communication between the parents. Appellant testified before the magistrate of attempts to get Zachary involved in a basketball camp and to get both children to dental appointments, which he asserted were essentially sabotaged by appellee. Tr. at 27, 33. Appellant further testified that appellee would not cooperate in permitting Zachary to bring his bike during a visit, or in allowing the children to go to Cleveland Indians games. Tr. at 25, 29. He also referenced his unsuccessful attempt in 1999 to informally obtain after-school visits with Zachary and Jessica during a period of time when he was home recuperating from an accident. Tr. at 31. Appellant also testified to an ongoing difficulty with making phone contact with Jessica, asserting that this was only successfully accomplished three times during the two-year post-decree period. Tr. at 20.
Under the earlier versions of R.C. 3109.04, a court was generally permitted to allow a child who was twelve years of age or older to choose their residential parent. See, e.g., Butland v. Butland, (June 27, 1996), Franklin App. No. 95APF09-1151, unreported. "However, despite the amendments to that section, some appellate courts have continued to hold that a child's desire to live with the non-custodial parent constitutes a change in circumstances." Id., citing Schiavone v. Antonelli (Dec. 10, 1993), Trumbull App. No. 92-T-4794, unreported, and Goshe v. Miller
(Dec. 15, 1995), Sandusky App. No. S-95-023, unreported. Appellant herein does not seek such a ruling from this Court, but instead contends that a combination of the facts presented to the magistrate establishes that the threshold of "change of circumstances" has been met. However, upon our review of the record, we disagree with appellant's contention. We therefore find no abuse of discretion in the trial court's conclusion that no change had occurred in the circumstances of the two children involved in this matter.
The trial court did not err overruling appellant's motion to reallocate parental rights and responsibilities under the facts and circumstances presented. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues that the court erred in awarding attorney fees to appellee. We disagree.
An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. R.C. 2323.51
requires a trial court to conduct an evidentiary hearing and allow parties to present evidence in support of or in opposition to an award of attorney fees, and the amount of the award. See, e.g., Simpson v. Sexton
(August 7, 2000), Licking App. No. 99-CA-77, unreported, at 4. Furthermore, R.C. 2323.51(B)(2)(c) states that the trial court has the following responsibility: "Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. * * *."
The transcript of the objection hearing before the trial court in the case sub judice reveals the following exchange.
 BY THE COURT: Well, let me understand you, also. If I uphold that then this is the hearing today for the sanctions, the amount of the sanctions, correct?
 BY MR. CYPERSKI: That's correct, Your Honor, but it's our position that an actual hearing has to be held regarding whether or not that there was —
 BY THE COURT: Well, that can be right now.; BY MR. CYPERSKI: That's fine.
BY THE COURT: I can hear that with the objection. * * *
Tr., August 27, 2001, at 6.
Following arguments pertaining to the Civ.R. 53 objection, the trial court permitted both sides the opportunity to address the issue of attorney fees. Upon review of the record, we find the trial court sufficiently complied with the afore cited statutory authority, and further find no abuse of discretion in the court's award of attorney fees in favor of appellee.
Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: WISE, J., FARMER, P.J., BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.