OPINION
This is an appeal from certain decisions of the Stark County Court of Common Pleas, Domestic Relations Division, arising out of a divorce action.
 STATEMENT OF THE FACTS AND CASE
The facts in this case indicate that the parties were married June 18, 1980 with four children produced, with two being minors at the filing of this Divorce: Nicole (D.O.B. 1/17/86) and Isaiah (D.O.B. 11/12/90).
Appellee and appellant owned Burson Roofing, Inc. Appellee remains employed by such company, while appellant, who had served as bookkeeper, was not so employed during the pendency of this action. Appellant's brother served as corporate accountant.
Evidence indicated the Corporation had considerable debt and the experts disagreed over the business value.
The testimony also indicates considerable conflict over certain religious involvement by appellant.
In its review of the factors listed in R.C. § 3109.04(F)(1), R.C. § 3105.171 and R.C. § 3105.18(C)(1) the trial court determined that shared parenting was not in the best interests of such minor children and designated appellant as residential parent of Nicole with appellee the residential parent of Isaiah. Further, the trial court ordered all personal and business property sold with a division of the proceeds provided.
The trial court ordered spousal support to appellant for sixty-two months or until death, whichever occurred first.
Certain other financial aspects were reviewed with orders following.
Because of the religious conflicts, the children were to have no contact with the person involved with appellant in such relationship.
Each party was to pay their own attorney fees.
The Assignments of Error are:
 ASSIGNMENTS OF ERROR I. "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLANT INADEQUATE SPOUSAL SUPPORT IN BOTH LENGTH OF TIME AND AMOUNT CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW, INCLUDING BUT NOT LIMITED TO PROPER APPLICATION OF OHIO REVISED CODE 3105.18(C)(1)."
 II. "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN DETERMINING ITS DETERMINATION OF DIVISION OF PROPERTY. SUCH DIVISION OF PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 III. "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN FAILING TO AWARD HER ATTORNEY FEES."
 IV. "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CUSTODY OF THE PARTIES' CHILD, ISAIAH, TO APPELLEE, WHICH IS NOT IN THE CHILD'S BEST INTERESTS OR CONSISTENT WITH THE MANIFEST WEIGHT OF THE EVIDENCE."
 I.
The assertions contained in the first Assignment of Error relative to spousal support are an abuse of discretion, findings contrary to the manifest weight of the evidence and improper application of R.C. §3105.18(C)(1).
Such statute states:
 "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable.
 "(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income."
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We cannot substitute our judgment for that of the trial court unless such abuse of discretion under the above standards occurred. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
In regard to the first Assignment of Error we find that the trial court considered each of the factors of R.C. § 3105.18(C)(1) in arriving at the conclusion to award spousal support of $1058.00 per month with a maximum duration of 62 months. The evidence clearly provided the trial court with a dismal economic position as to the available income from Burson Roofing Co. and the debt obligations.
This evidence supported the trial court's conclusion that the only recourse was a complete asset sale.
The trial court also considered the ages of the parties and the prior work history of appellant.
The standard of living, which appeared to exceed the available income from the business, was also before the trial court.
We have examined the requirements of R.C. 3105.171 and find that the trial court clearly reviewed the evidence to determine the applicability thereof in arriving at the spousal award.
We do not find an abuse of discretion under the totality of the circumstances produced by the evidence and reject this first Assignment of Error.
 II.
We shall address the second and third Assignments of Error as they are intertwined in result. Each of these Assignments of Error assert an abuse of discretion. A claim is made of lack of supporting evidence.
Most of the argument in support of the second Assignment of Error references claimed conduct by appellee in violation of prior court orders or dissipation of assets.
The trial court in its decision found that appellee had earned an additional approximate sum of $17,000.00 which was not run through Burson Roofing although reported on his tax return.
This sum was to be equally adjusted on sale of the assets.
Appellant asserts that, as a shareholder, she was entitled to this share and that appellee was therefore not affected by his concealment of these earnings.
We note, however, that the trial court found each party in contempt for violation of prior orders.
We find that the evidence supports not only the trial court's conclusion that the only option is the sale of assets and, even with such sale, the debt obligation may be insurmountable without Bankruptcy. Effectively, there is little in the way of property equity to divide and the arguments as to abuse of discretion in division thereof are to a great extent academic.
We have combined the review of the second and third Assignments of Error as the payment order as to attorney fees relates to assets.
An award of attorney's fees in a domestic proceeding lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We fail to find an abuse of discretion as to the second or third Assignments of Error.
 IV.
The last Assignment of Error questions the evidence in support of the custodial award to appellee of Isaiah.
The trial court had before it the report of the psychologist and the guardian ad litem's recommendation. An in camera hearing with Isaiah was held.
Revised Code § 3109.04 provides in part:
"§ 3109.04
 "(A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052 [3109.05.2] of the Revised Code and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage.
"* * *
 "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
 "(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply:
 "(a) The court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child.
 "(b) The court first shall determine the reasoning ability of the child. If the court determines that the child does not have sufficient reasoning ability to express the child's wishes and concern with respect to the allocation of parental rights and responsibilities for the care of the child, it shall not determine the child's wishes and concerns with respect to the allocation. If the court determines that the child has sufficient reasoning ability to express the child's wishes or concerns with respect to the allocation, it then shall determine whether, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation. If the court determines that, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation, it shall not determine the child's wishes and concerns with respect to the allocation and shall enter its written findings of fact and opinion in the journal. If the court determines that it would be in the best interests of the child to determine the child's wishes and concerns with respect to the allocation, it shall proceed to make that determination.
 "(c) The interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview."
In addition, R.C. § 3109.04(D)(1)(B) specifically grants discretion to the Court as to approval of a shared parenting plan.
In light of the above and the evidence we must reject this fourth Assignment of Error.
The decision of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.
By: BOGGINS, J. and WISE, J. concur HOFFMAN, P.J. concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed. Costs to be divided equally between appellee and appellant.