OPINION.
{¶ 1} Defendant-appellant Scott Waggoner appeals from an order of the Greene County Court of Common Pleas finding him in contempt for failure to pay, and ordering him to pay, his portion of expenses as required by the terms of his divorce decree. Scott contends that the trial court's findings are against the weight of the evidence and that the trial court abused its discretion in finding him in contempt.
 {¶ 2} For the reasons set forth below, we find that the trial court did not abuse its discretion and we further conclude that the trial court's findings are not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Scott and Julie Waggoner were divorced in 1999. As part of their Divorce Decree, the parties were subject to a shared parenting plan with regard to their three children, and Julie was designated as the primary residential parent. Julie also retained custody of the family dog. The agreed orders stated that the parties would each pay one-half of all the expenses for the children's extracurricular activities as well as one-half of all the veterinary bills. Additionally, Scott was ordered to make payments to Julie in the amount of $225 per month toward the mortgage on the marital residence.
 {¶ 4} On August 27, 2001, Julie filed a motion to show cause why Scott should not be held in contempt for failing to pay his portion of the mortgage payments, veterinary and extracurricular expenses. A hearing was held before a magistrate, who found Scott in contempt for failing to pay his portion of the extracurricular and veterinary expenses. The magistrate found that Scott was not in contempt with regard to the mortgage payments. However, the magistrate did find that Scott owed Julie the sum of fifty dollars for the mortgage payments. The magistrate also awarded Julie attorney fees incurred in the prosecution of her contempt motion.
 {¶ 5} Scott filed objections to the magistrate's findings, which were overruled by the trial court. From the order of the trial court holding him in contempt, Scott appeals.
 II {¶ 6} Scott's First Assignment of Error states as follows:
 {¶ 7} "The court erred, found against the manifest weight of the evidence and abused its discretion when it ordered appellant to pay an additional fifty dollars ($50) for the mortgage after he had made all mortgage payments required and even overpaid on the obligation."
 {¶ 8} Scott contends that the trial court abused its discretion by ordering him to pay fifty dollars on the mortgage debt, because the evidence demonstrates that he had made, and even overpaid, all the required payments on the mortgage debt.
 {¶ 9} When reviewing a claim that a trial court has abused its discretion we are mindful that the term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} On a claim that a judgment is against the manifest weight of the evidence, a reviewing court is guided by the statement that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Further, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 11} A review of the record in this case indicates that Scott was required by the Decree to pay $225 per month to Julie for one-half of the mortgage payment on the marital residence until such time as the home was sold. It appears that during the year 2000, Scott did not make a payment for the month of September. However, he did make overpayments during some of the other months of the year. In all, the record supports the trial court's finding that Scott should have paid Julie the sum of two thousand seven hundred dollars for the year 2000, but that he only paid a total of two thousand six-hundred and fifty dollars. Therefore, we conclude that the trial court's finding that Scott owed Julie the sum of fifty dollars for his portion of the marital debt on the mortgage is supported by the evidence, and the trial court did not abuse its discretion in ordering him to pay this amount.
 {¶ 12} The First Assignment of Error is overruled.
 III {¶ 13} The Second Assignment of Error is as follows:
 {¶ 14} "The court erred, found against the manifest weight of the evidence and abused its discretion when it ordered the appellant to pay extraordinary veterinary expenses which were incurred without consulting appellant, without his consent, and which exceeded any intent of and/or reasonable expectations of the parties."
 {¶ 15} Scott contends that the trial court erred by holding him in contempt for failing to pay one-half of the veterinary bills for the family dog. The gist of this argument is Scott's claim that the intent and reasonable expectations of the parties at the time they entered into the Separation Agreement was that he would be required to pay one-half of all "normal and reasonable" veterinary bills. He further claims that the intent of the parties was that any significant and extraordinary bills would not be incurred without his knowledge and consent. He likens this situation to a shared parenting plan where it is contemplated that the parties "are to share equally in the decisions regarding the raising of their children." Therefore, he argues that his failure to pay his one-half share of the veterinary bills was a result of a legitimate dispute and that it was error to hold him in contempt when his actions were made in "good faith based upon ambiguous language in the Decree."
 {¶ 16} "When parties dispute the meaning of a clause in their separation agreement, a trial court must first determine whether the clause is ambiguous." Bush v. Bush, 2003 WL 21257970, 2003-Ohio-2781. "A clause is ambiguous where it is subject to more than one interpretation." Id., citation omitted. "When a clause in a separation agreement is deemed to be ambiguous, a trial court has the responsibility to interpret it." Id., citation omitted. "A trial court has broad discretion in clarifying ambiguous language by considering the parties' intent and the equities involved." Id. "A trial court's decision interpreting ambiguous language in a separation agreement will not be overturned on appeal absent an abuse of discretion." Id. "However, where the terms of a separation agreement are unambiguous, a trial court may not clarify or interpret those terms." Id., citation omitted.
 {¶ 17} In this case, the Separation Agreement clearly states that the parties shall equally split "all veterinary expenses" incurred on behalf of the family dog. The trial court found this language unambiguous, and concluded that it required Scott to pay one-half of all the veterinary expenses. As noted by the trial court, Scott's testimony with regard to the disputed bills centered on his claim that he had not paid the expenses because he did not think that flea and heartworm medication should be considered veterinary expenses. The trial court found this argument without merit, and ordered Scott to pay the expenses.
 {¶ 18} We agree. Regardless of whether the expenses are deemed normal and reasonable and regardless of whether Scott was consulted or whether he consented to the expenses, the language of the Separation Agreement clearly makes him responsible for one-half of these expenses. Therefore, the Second Assignment of Error is overruled.
 IV {¶ 19} Scott's Third Assignment of Error provides as follows:
 {¶ 20} "The court erred, found against the manifest weight of the evidence and abused its discretion when it ordered the appellant to pay significant new extracurricular activity expenses not existing and not contemplated at the time of the decree, which expenses were incurred without consulting appellant, without his consent, and which exceeded any intent of and/or reasonable expectations of the parties."
 {¶ 21} In this Assignment of Error, Scott contends that the trial court erred in finding him in contempt for failing to pay his one-half share of the expenses incurred for the extracurricular activities of the parties' children. He claims that the Separation Agreement is ambiguous with regard to these payments. Specifically, he states that when they entered into the Agreement it was contemplated that only all current activities were included, not any activities started after the date of the Agreement. He further argues that he should have been consulted about, and agreed to, any such activities. Additionally, he claims that his financial circumstances have since changed because he is no longer living with his parents as he was at the time the Agreement was executed and that he is unable to make such payments.
 {¶ 22} The Separation Agreement specifies that "all extracurricular activity expenses shall be split equally between the parties." The Agreement does not differentiate between then-current activities and subsequent activities. Additionally, as noted by the trial court, the Agreement does not give Scott "the option of choosing which sport he would pay for." Moreover, as noted in the record, Scott earned more income at the time of the hearing than he earned at the time the Agreement was entered into. We note that while he was living with his parents at the time he entered into the Agreement, the record reflects that he knew he would not live there indefinitely, and that at the time of the hearing he was in fact living with his new wife with whom he shared expenses. Finally, withholding monies due under the terms of an agreed order is not the appropriate remedy for a claim that Julie was required, but failed, to consult Scott about the new activities.
 {¶ 23} We conclude that the trial court did not abuse its discretion in finding that Scott had wilfully failed to pay his share of the extracurricular expenses, that his claim of ambiguity in the Agreement is without merit, and that the record supports the trial court's finding of contempt. Therefore, the Third Assignment of Error is overruled.
 V {¶ 24} Scott's Fourth Assignment of Error is as follows:
 {¶ 25} "The court erred, found against the manifest weight of the evidence and abused its discretion when it ordered appellant to pay the foregoing amounts and found him in contempt when it was financially impossible for him to pay said amounts."
 {¶ 26} In this Assignment of Error, Scott argues that a finding of contempt was improper because he was "agreeable" to paying his share of the mortgage, veterinary and extracurricular activity expenses and because his failure to make the payments was based on a good-faith dispute of his duty to pay. He also argues that contempt is an inappropriate sanction because he presented a defense of impossibility of compliance, in that he did not have the ability to make the payments. Finally, he argues that the trial court improperly limited his ability to present evidence regarding the defense of impossibility of compliance.
 {¶ 27} An appellate court will not reverse a finding of contempt by a trial court unless that court abused its discretion. State ex rel.Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. From our review of the record, we find that the trial court did not hinder Scott in his presentation of evidence regarding any defense of impossibility of compliance. To the contrary, the magistrate actually went so far as to question him with regard to this claim. Additionally, as found by the trial court, the record belies Scott's claims of impossibility of payment, and it belies his claim that he had a good faith-basis for failing to make the payments. Therefore, we conclude that the trial court did not err or abuse its discretion in finding Scott in contempt, and we conclude that the finding is not against the weight of the evidence. The Fourth Assignment of Error is overruled.
 VI {¶ 28} For his Fifth Assignment of Error, Scott asserts the following:
 {¶ 29} "The court erred, found against the manifest weight of the evidence, abused its discretion, and violated appellant's constitutional rights when it refused to consider and denied him the opportunity to present evidence of direct payments of support to rebut the non-payment of support, to establish the unclean hands of appellee, and to show his inability to pay, all as defenses to contempt."
 {¶ 30} Scott contends that the trial court erred in finding him in contempt because it did not permit him to present evidence demonstrating that he had met his child support obligations. Alternatively, he also contends that the trial court erred because it did not permit him to present evidence regarding his inability to meet those obligations.
 {¶ 31} As stated above, our review of the evidence supports a finding that Scott's defense of impossibility as to his ability to make the required payments is without merit. Therefore, we conclude that the trial court did not err in this regard.
 {¶ 32} We next address his claim that he did meet his support obligations by making payments directly to Julie rather than through the SEA. Scott claims that he "made direct payments in the month of December to [Julie]" and that these payments "were taken by [Julie] in bad faith knowing that [Scott] was relying on her to enter an Agreed Order to correct the support records after the withholding order went into effect." Thus, he argues that because Julie had unclean hands, by accepting direct payments of support without crediting him for those payments, she was not entitled to seek a contempt sanction against him.
 {¶ 33} Although Scott testified that Julie agreed that she would credit him for any payments made outside the SEA, the magistrate was free to determine that his testimony lacked credibility. More importantly, as noted by the magistrate, the agreed Shared Parenting Plan executed by both parties plainly states that "any payments of support not made through the SEA shall be deemed a gift." This provision is not ambiguous, and thus, we need not look outside of the document to determine the intent of the parties. We find no reason to disagree with the magistrate's decision, or the trial court's adoption thereof, that Scott not be credited for any claimed direct payments.
 {¶ 34} The Fifth Assignment of Error is overruled.
 VII {¶ 35} The Sixth Assignment of Error states as follows:
 {¶ 36} "The court erred, found against the manifest weight of the evidence, abused its discretion, and violated appellant's constitutional rights when it held appellant liable for and/or in contempt of court for failure to pay expenses which were not timely provided to him with reasonable opportunity to pay before filing with the court for contempt."
 {¶ 37} Scott contends that Julie failed to present him with a claim for expenses in a timely manner and that he thus was not aware of the expenses prior to the time Julie filed the motion for contempt. Therefore, he argues that since he was not presented with the unpaid obligations before the date of the motion for contempt, the trial court erred in finding him in contempt.
 {¶ 38} Julie's first motion for contempt was filed on August 27, 2001. The record demonstrates that she presented Scott with copies of all his outstanding expenses prior to that date. However, one veterinary bill in the sum of $147 was not mailed to Scott until August 23, 2001; four days prior to the date of the motion. Scott contends that he did not have time to pay this obligation prior to the filing of the motion. However, it is also clear from his testimony that he did not believe himself obligated to pay this amount, so that he would not have paid it regardless of when it was received.
 {¶ 39} Based upon the record before us, we conclude that Scott had adequate notice of all of the expenses at issue prior to the hearing and that he refused to pay the obligations. Therefore, we find that the trial court did not err in finding Scott in contempt for failure to pay. Accordingly, the Sixth Assignment of Error is overruled.
 VIII {¶ 40} The Seventh Assignment of Error is as follows:
 {¶ 41} "The court erred, found against the manifest weight of the evidence and abused its discretion when it failed to interpret the ambiguous decree and agreement of the parties so as to give meaning to their intent, and held appellant in contempt for failure to pay items disputed in good faith as a result of the existing ambiguity or mutual mistake."
 {¶ 42} In this argument, Scott again claims that the Separation Agreement and agreed Shared Parenting Plan are ambiguous with regard to his obligation to pay the veterinary and extracurricular expenses and that the trial court thus erred in holding him in contempt and ordering him to pay any portion of the disputed expenses.
 {¶ 43} Again, we have reviewed the record and find no ambiguity in either the Separation Agreement of the Shared Parenting Plan. To the extent that this argument also implicates Scott's claim that Julie is required to consult with him prior to incurring such expenses, we note that the documents do not expressly contain a requirement of consultation. Furthermore, withholding of monies required by agreed orders to be paid for the benefit of the children is not the appropriate remedy for a perceived failure to consult. The Seventh Assignment of Error is overruled.
 IX {¶ 44} The Eighth Assignment of Error states as follows:
 {¶ 45} "The court erred, found against the manifest weight of the evidence and abused its discretion when it ordered defendant to pay attorney fees for failure to pay items disputed in good faith as a result of an ambiguity or mutual mistake."
 {¶ 46} Scott claims that the trial court should not have awarded attorney fees to Julie. In support, he contends that she had unclean hands because she incurred expenses that were outside the scope of the agreed orders and because she failed to properly credit his payments. He also contends that Julie had the ability to pay her own fees and that he is unable to pay her attorney fees. Finally, he contends that the fees awarded were unreasonable.
 {¶ 47} A decision to award or not to award attorney fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359.
 {¶ 48} The record in this case contains ample evidence to demonstrate Scott's contempt of the trial court's orders, and the necessity of litigation in order to effect his compliance with his obligations. As previously stated, we find that his claim that Julie failed to properly credit him for support payments made directly to her instead of through the SEA is without merit, and thus, we conclude that Julie is properly entitled to seek a contempt finding. Additionally, we find no merit in his claim that Julie incurred veterinary or children's extracurricular expenses that were not contemplated at the time the parties entered into the agreed orders. We also find that Scott's claim that Julie is in a better position to pay her own attorney expenses is belied by the record, which shows that Scott earns more than Julie, and by the fact that Scott's behavior is the reason that Julie was forced to incur attorneys fees. Finally, we find no support for Scott's claim that the amount of fees awarded were unreasonable or unnecessary. Thus, the Eighth Assignment of Error is overruled.
 X {¶ 49} All of Scott's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and GRADY, JJ., concur.