OPINION
{¶ 1} Defendant-appellant, Charles Dunn, appeals the decision of the Clinton County Court of Common Pleas, Domestic Relations Division, dividing marital property and ordering spousal support in a divorce proceeding. We affirm the domestic relations court's decision.
 {¶ 2} In August 2001, plaintiff-appellee, Joyce Dunn, filed a complaint in the domestic relations court seeking a divorce from appellant. After a hearing in October 2003, a magistrate issued a decision dividing the parties' marital property and awarding spousal support to appellee. Both parties filed objections to the magistrate's decision. The domestic relations court held a hearing on the parties' objections. The court subsequently issued a decision modifying the magistrate's valuation of the marital residence, but adopting the magistrate's decision in all other respects. The court then issued a final divorce decree. Appellant now appeals the domestic relations court's decision, assigning two errors.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY MAKING AN INAPPROPRIATE AND INEQUITABLE DIVISION OF MARITAL PROPERTY BETWEEN THE SPOUSES."
 {¶ 5} In this assignment of error, appellant argues that the domestic relations court inequitably divided the parties' marital property. Specifically, appellant argues that the court improperly credited him with $10,500 in proceeds from the sale of the parties' Ford Ranger. According to appellant, he used those proceeds to make payments on the marital home, as well as insurance payments protecting marital property. Appellant also argues that the court created an inequitable property division when it awarded appellant's share in the equity of the marital home as a lump sum spousal support payment to appellee. Further, appellant argues that the court's decision ordering appellant to pay $2,500 of appellee's attorney fees was erroneous. Finally, appellant argues that the court erred in accepting the appraisal of the marital home established by appellee's expert, and rejecting the appraisal of appellant's expert.
 {¶ 6} An appellate court reviews the overall appropriateness of a domestic relations court's property division in divorce proceedings under an abuse of discretion standard. See Cherry v. Cherry (1981),66 Ohio St.2d 348, syllabus. An "abuse of discretion" is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The division of marital property shall be equal, but if an equal division would be inequitable, the domestic relations court shall instead divide it between the spouses in a manner the domestic relations court deems equitable. R.C. 3105.171(C)(1).
 {¶ 7} After reviewing the record, we find no abuse of discretion by the domestic relations court in crediting the proceeds from the sale of the Ford Ranger to appellant when figuring the property distribution. When asked by appellee's counsel at the October 28, 2003 hearing whether he used the proceeds for house payments and insurance, appellant replied as follows: "Whatever I had to do. I was under stress at that time. I sold it to pay bills at that time, to pay numerous bills." In appellant's exhibit "G," he indicates that he sold the Ford Ranger on January 9, 2002 "for house payments, insurance, and misc building expenses[.]" According to the domestic relations court, appellant did not prove that he spent the proceeds on marital debts. Considering appellant's equivocal testimony and the lack of supporting evidence in the record, we find no abuse of discretion in the court's decision.
 {¶ 8} We also find no abuse of discretion by the domestic relations court in fashioning a property distribution that involved appellee receiving appellant's share in the equity of the marital home as a lump sum spousal support payment. The court was authorized by statute to order a lump sum spousal support award in real property. R.C. 3105.18(B). We will review whether that award was proper when addressing appellant's second assignment of error. In the context of the property distribution, appellant's argument that he should have received a credit of $26,500 to offset the lump sum spousal support award is misplaced. Such a credit would have effectively nullified the spousal support order. Any benefit appellee received from the lump sum spousal support award would have been counteracted by what she lost in the property distribution. The lump sum award was a spousal support award and was not relevant to the property division.
 {¶ 9} Further, we find no abuse of discretion by the domestic relations court in its award of $2,500 in attorney fees to appellee. An award of attorney fees rests within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. Pursuant to former R.C. 3105.18(H), in effect at the time the divorce decree was issued, the domestic relations court determined that the attorney fee award was necessary for appellee to protect her property and spousal support rights. The record supports the court's conclusion. Given the length of the proceedings, appellee's low income, and appellee's diminished capacity to earn future income due to a disability, there was no error in the court's decision. The record also supports the conclusion, pursuant to former R.C. 3105.18(H), that appellant had the ability to pay the $2,500 award. Appellant was in good health and was a skilled builder capable of earning a significant income.
 {¶ 10} Finally, we find no abuse of discretion in the domestic relations court's decision to accept the marital home appraisal of appellee's expert, rather than the appraisal of appellant's expert. The appraisal of appellant's expert, which is in the record as "Defendant's Exhibit B," indicates that it is an appraisal of "lot[s] 12 and 13 of the Matthews Subdivision." However, the parties did not have title to lot 13 at the time of the appraisal in February 2002. "Plaintiff's Exhibit 4," a warranty deed, shows that the parties conveyed lot 13 to Jamie and Karry Bennington in December 1999. Appellee's expert testified at the October 2003 hearing that her appraisal only took into account lot twelve. Appellee's expert was an experienced appraiser who had been appraising properties since 1989. She used comparable properties to determine the fair market value of the parties' marital home. Given that the appraisal of appellee's expert clearly took into account only lot 12, and that the appraisal of appellant's expert indicated that it was an appraisal of lots 12 and 13, we find no abuse of discretion by the domestic relations court in accepting the appraisal of appellee's expert.
 {¶ 11} Accordingly, we overrule appellant's first assignment of error. Appellant has not shown an abuse of discretion by the domestic relations court in its division of the parties' marital property.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY MAKING AN INAPPROPRIATE AWARD OF SPOUSAL SUPPORT."
 {¶ 14} In this assignment of error, appellant argues that the domestic relations court erred in imputing income to appellant of $48,000 per year. According to appellant, his actual annual income is $25,000. Appellant urges this court to recalculate his spousal support using that figure. Appellant also argues that the court's lump sum spousal support order was an abuse of discretion.
 {¶ 15} A trial court has broad discretion in determining whether an award of spousal support is appropriate. See Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 130-131. A trial court's decision to award spousal support will be reversed only if found to be an abuse of that discretion. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. In determining whether a spousal support award is appropriate and reasonable, a trial court must consider the 14 factors set forth in R.C.3105.18(C)(1).
 {¶ 16} We find no abuse of discretion by the domestic relations court in imputing income to appellant of $48,000. The record shows that, over the past six years, appellant's reported taxable income from his home construction business ranged from $24,015 to $57,717. The record shows that appellant is a skilled builder who has built homes in 30 to 40 different areas. While appellant's taxable income as reported in the two most recent tax years was at the lower end of the above range, the record shows that appellant was in good physical health and capable of earning a significantly higher income. Appellant did testify that he had credit problems and was currently working for another builder. However, the record supports the court's conclusion that appellant was capable of re-starting his business, especially with the help of his live-in girlfriend, who has experience in the construction industry. Appellant and his girlfriend worked on a home construction project in 2002, earning a joint profit of $43,155.11, according to the testimony of the girlfriend. After reviewing the entire record, we do not find the court's decision regarding appellant's income to be an abuse of discretion.
 {¶ 17} We also do not find error in the court's decision to award appellant's share in the equity of the marital home ($26,500) to appellee as a lump sum spousal support payment. The court carefully examined each factor listed in R.C. 3105.18(C)(1), and its decision was not an abuse of discretion. The first three factors weighed heavily in favor of a substantial spousal support award. First, there was a great disparity in the incomes of the parties. Appellant's income, which was significantly lower than it had been in earlier years, was still well over twice appellee's income. Second, the relative earning abilities of the parties were drastically different. Appellant was a skilled builder in good health, while appellee's earning ability was greatly limited due to the irreversible loss of almost all of her sight. Third, the ages and physical conditions of the parties supported the award. Husband was 43 years old and healthy, while wife was 42 years old and suffering from near-blindness. Other factors that supported the award were the duration of the marriage (24 years), and the comfortable standard of living that the parties sustained during the marriage. Viewing the entire record, we find no abuse of discretion in the court's spousal support determination.
 {¶ 18} Accordingly, we find no abuse of discretion by the domestic relations court in determining appellant's income, and in awarding appellee a lump sum spousal support amount. We overrule appellant's second assignment of error.
 {¶ 19} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.