OPINION
{¶ 1} Appellant Jim Drinkard appeals from his divorce in the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Laura Drinkard is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on May 4, 1985. No children were born of the marriage. In February 1983, approximately two years before they were married, appellant and appellee were involved in a serious automobile accident. Both parties had long hospital stays; appellee had brain injuries and spent a number of days in a coma.
 {¶ 3} On July 7, 2004, appellee filed a complaint for divorce. Appellant thereafter filed an answer and counterclaim. The matter proceeded to a trial before a magistrate on March 16, 2005. The magistrate issued her decision on April 20, 2005, recommending a divorce and addressing property division and spousal support. Each side thereafter filed objections to the magistrate's decision.
 {¶ 4} On June 27, 2005, the trial court issued a judgment entry overruling all of the objections and adopting the decision of the magistrate. A decree of divorce was thus filed on July 21, 2005.
 {¶ 5} Appellant timely filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN FINDING SUFFICIENT EVIDENCE TO DEMONSTRATE THAT PLAINTIFF WAS INCAPABLE OF WORKING WHEN PLAINTIFF TESTIFIED THAT SHE WORKED FOR 10 YEARS TO 15 YEARS OF THE 20-YEAR MARRIAGE, SHE QUIT VARIOUS JOBS ON A WHIM, SHE WAS IN CHARGE OF THE FAMILY'S FINANCES, SHE WROTE CHECKS FOR EVERY DIME THE PARTIES' [SIC] SPENT, AND SHE BALANCED THE CHECKBOOK.
 {¶ 7} "II. THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE MAGISTRATE VALUING THE RESIDENTIAL PROPERTY AT $56,000 [SIC] WAS SUPPORTED BY THE EVIDENCE WHEN PLAINTIFF'S OWN WITNESS TESTIFIED AT TRIAL THAT IF THE PARTIES SOLD THE PROPERTY IT WOULD BE AT A LOSS FROM THE $36,000 PURCHASE PRICE, GIVEN COMMISSIONS AND OTHER FEES.
 {¶ 8} "III. THE TRIAL COURT ERRED IN UPHOLDING THE DECISION OF THE MAGISTRATE AWARDING $500 IN ATTORNEY FEES TO PLAINTIFF'S ATTORNEY WHERE THE EVIDENCE WAS THAT DEFENDANT WAS INDIGENT AND COULD NOT AFFORD AN ATTORNEY TO REPRESENT HIMSELF.
 {¶ 9} "IV. WHETHER THE TRIAL COURT ERRED IN RULING THAT THE MAGISTRATE HAD NOT ERRED IN FINDING NO DOCUMENTATION OF A LOAN OF $6,000 FROM DEFENDANT'S FAMILY WHEN PLAINTIFF HERSELF TESTIFIED THAT THE PARTIES RECEIVED SUCH LOAN."
 I. {¶ 10} In his First Assignment of Error, appellant-husband contends the trial court erred in concluding appellee-wife was incapable of working.
 {¶ 11} We initially note appellant mischaracterizes the trial court's finding on this issue. The court patently did not find appellee incapable of working. Instead, the court found as follows:
 {¶ 12} "In physical terms, the Wife's health is reasonably good. Based upon the testimony presented, it is difficult for the Court to conclude that the Wife is incapable of some employment. Her history shows she has held jobs and there is little to prevent her from holding at least a part time minimum wage job, even if she has to move from one job to the next. Moreover, during the parties' marriage, the Wife handled the bill-paying and other banking responsibilities which suggests some level of competency on her part. The Court therefore finds that the Wife is capable of at least part time minimum wage employment, or at least $5,000.00 per year." Magistrate's Decision at 2.
 {¶ 13} We additionally observe that appellant, in the text of his argument, chiefly discusses the issue of spousal support, even though this issue is not set forth in the assigned error. See App.R. 16(A)(7).
 {¶ 14} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. In the interest of justice, we have reviewed the record and find the trial court sufficiently reviewed the factors of R.C.3105.18(C)(1)(a) through (n) in arriving at a spousal support order in favor of appellee of $500 per month for sixty months, subject to the death of either party or appellee's remarriage. In particular, we note the court's findings that the parties enjoyed a high-consumption lifestyle financed with credit, and that appellant, a heavy-equipment operator in good health who has relocated to California, generally earns in the $15 to $16 per hour range, and at one point in the marriage was earning $48 per hour dismantling military bases. We are therefore unpersuaded the trial court abused its discretion in making its findings as to the parties' incomes and in ordering spousal support.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant contends the trial court erred in its valuation of the parties' marital residence. We disagree.
 {¶ 17} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. The record herein indicates that the parties moved back to Ohio from California in October 2003. At that time, they used $36,000 from the proceeds of the sale of their California home to buy the marital residence on 25th Street NE in Canton. According to the testimony of realtor James D. Gill, in January 2005, the house was listed by the Richard T. Kiko Agency at a price of $58,000. Tr. at 5. However, no offers had been made on the house as of the trial date. Id.
 {¶ 18} The court ruled as follows regarding the home: "The marital real estate shall be sold. Any net proceeds from the sale of the marital real estate shall be divided equally between the parties. Either party may purchase real estate at the value presented which is $58,000." Magistrate's Decision at 5-6.
 {¶ 19} Appellee aptly responds that even if the house could not presently sell for $58,000, the entire argument is academic, because the net proceeds are ordered to be divided equally, whatever the market price turns out to be. While our research indicates a few cases have addressed the issue of preserving the value of a marital home by avoiding a forced sale or buyout (seeJones v. Jones, Cuyahoga App. No. 81004, 2003-Ohio-871;Kennard v. Kennard, Delaware App. No. 02CAF11059, 2003-Ohio-2800), appellant herein fails to persuade us that the case sub judice should fit into such a category should he choose to purchase the home for himself.
 {¶ 20} We therefore find no abuse of discretion in the court's valuation of the marital residence. Appellant's Second Assignment of Error is overruled.
 III. {¶ 21} In his Third Assignment of Error, appellant contends the trial court erred in awarding appellee $500 in attorney fees. We disagree.
 {¶ 22} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359, 481 N.E.2d 609. R.C. 3105.73 (A) reads as follows: "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 23} Appellant points out that he was represented at trial by Buckeye Legal Aid Services. However, this Court will not presume to draw inferences from this fact absent information in the record as to Buckeye's criteria for accepting clients. Moreover, appellant testified as to his income as a heavy-equipment operator and did not claim at trial to be indigent. Appellant also presently argues that appellee has not been deterred from litigating her rights such as to warrant attorney fees. However, the former statutory requirement that a court "* * * determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees" is no longer in effect subsequent to the General Assembly's replacement of R.C. 3105.18(H) with the language of R.C. 3105.73 (A), effective April 27, 2005.
 {¶ 24} Upon review, we are unpersuaded the trial court abused its discretion in awarding appellee $500 in attorney fees under the facts and circumstances of this case.
 {¶ 25} Appellant's Third Assignment of Error is overruled.
 IV. {¶ 26} In his Fourth Assignment of Error, appellant contends the trial court erred in finding appellant had failed to demonstrate the existence of a $6,000 loan from certain family members. We disagree.
 {¶ 27} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 28} The trial court concluded that although appellant himself testified that he had been loaned approximately $6,000 by some of his relatives, he provided no other documentation of such purported loans. Magistrate's Decision at 5. Appellant urges that appellee's testimony also supported the existence of the loans. See Tr. at 66-67. However, as the trier of fact, the trial court was free to believe any, all, or none of the testimony of the parties regarding the loans under the circumstances of this case, particularly in the absence of written documentation. See, e.g.,Bauer v. Bauer, Fairfield App. No. 02 CA 22, 2002-Ohio-4874.
 {¶ 29} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
Wise, P.J., Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.