OPINION
{¶ 1} On December 30, 1991, appellant, Gregory Godar, and appellee, Theresa Godar, were married. The couple had three children. On November 16, 2004, appellant filed a complaint for divorce. A trial commenced on August 9, 2005. By final entry filed September 23, 2005, the trial court set child support and spousal support, named appellee as the residential parent of the parties' children, determined the value of certain business property, awarded appellee attorney fees and allocated the marital debt.
 {¶ 2} Appellant filed an appeal and assigned the following errors:
 I {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN CALCULATING ITS CHILD SUPPORT AWARD BECAUSE IT FAILED TO REFLECT APPELLANT'S SPOUSAL SUPPORT PAYMENTS."
 II {¶ 4} "THE TRIAL COURT ERRED IN COMPLETING THE CHILD SUPPORT GUIDELINE WORKSHEET BECAUSE IT INCORRECTLY REFLECTED THAT APPELLEE WAS THE RESIDENTIAL PARENT EVEN THOUGH THE PARTIES EXECUTED A SHARED PARENTING PLAN."
 III {¶ 5} "THE TRIAL COURT ERRED IN DETERMINING THE FAIR MARKET VALUE OF THE LAKEMORE PROPERTY."
 IV {¶ 6} "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S CONCLUSION THAT ITS AWARD OF ATTORNEY FEES WAS EQUITABLE."
 {¶ 7} Appellee filed a cross-appeal and assigned the following error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 8} "THE APPELLEE/CROSS APPELLANT ARGUES THAT THE TRIAL COURT ERRED IN FAILING TO ALLOCATE THE DEBTS PROPERLY BETWEEN THE PARTIES."
 {¶ 9} This matter is now before this court for consideration.
 I, II {¶ 10} These assignments challenge the trial court's computation of child support. Appellant claims the trial court failed to include spousal support payments in the calculation, and incorrectly reflected that appellee was the residential parent. We agree.
 {¶ 11} R.C. 3119.01(C)(7) lists spousal support in the definition of "gross income." Although both parties concede the spousal support amount was not included in the child support calculation, appellee argues no spousal support existed prior to the final decree and the trial court is not required to look prospectively. We disagree and find it was error not to include it even though as appellee argues, twenty dollars per month per child is a de minimis change; however, we find it is a change that could increase exponentially. Further, it is less than the statutory deviation amount and there would be no other time other than now to correct the error.
 {¶ 12} Appellant also argues the trial court failed to acknowledge the parties had a shared parenting agreement. The worksheet reflects appellee as the residential parent. Generally, we would consider such an error to be de minimis and not an abuse of discretion; however, since we are remanding the case on Assignment of Error I, the trial court can easily reflect the true status of the parenting relationship.
 {¶ 13} Assignments of Error I and II are granted.
 III {¶ 14} Appellant claims the trial court erred in determining the value of the "Lakemore" property. We disagree.
 {¶ 15} In its final entry filed September 23, 2005, the trial court specifically explained its determination on valuation as follows:
 {¶ 16} "The current valuation of the Lakemore property is in dispute. The husband's appraisal was performed by Rodney C. Dimmerling who concluded that the fair market value as of the date of the divorce was $275,000. The wife's appraisal was presented by Alan Blau who concluded that the value as of the date of the divorce was $330,000. The Court has considered carefully the testimony of each person performing the appraisal as well as their documentary evidence and their valuation approaches. The evidence further indicates that Mr. Blau's appraisal is reflective of the accurate square footage of that building as compared to Mr. Dimmerling's reliance on an inaccurate tax record. The Court concludes that the fair market value as of the date of the divorce is $330,000. There remains $100,000 owed upon the mortgage to this property."
 {¶ 17} As the trial court's finding reflects, there were two separate appraisals and they were in conflict. The Blau appraisal had a different square footage than the Dimmerling appraisal. Mr. Blau testified he personally measured the property while Mr. Dimmerling used the tax record. T. at 21, 243.
 {¶ 18} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 19} It is clear the trial court found the Blau appraisal to be more competent based upon the difference between actual measurement and tax record reliance. We therefore conclude the trial court, as the trier of fact, was best positioned to determine the difference and select the appraisal it deemed more reliable.
 {¶ 20} Assignment of Error III is denied.
 IV {¶ 21} Appellant claims there was insufficient evidence to support the award of attorney's fees. We disagree.
 {¶ 22} It is within the sound discretion of the trial court to award attorney fees in a divorce action. Rand v. Rand
(1985), 18 Ohio St.3d 356. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 23} R.C. 3105.73(A) set forth the standard for an award of attorney's fees as follows:
 {¶ 24} "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 25} Appellant argues the record does not support the conclusion that attorney's fees are equitable. In its final entry of September 23, 2005, the trial court awarded attorney's fees as follows:
 {¶ 26} "The Court has considered the parties marital assets, incomes, any award of temporary spousal support, the conduct of the parties and any other relevant factor to determine whether an award of attorney fees and litigation expenses is equitable. O.R.C. 3105.73.
 {¶ 27} "The husband shall pay to the wife $6,000, as reasonable attorney fees as and for spousal support within ninety (90) from the date of filing of this Order."
 {¶ 28} The parties' incomes are $73,000 apart, no temporary spousal support order was given and appellant used $6,000 from his children's accounts during the divorce. T. at 104. Further, the entire amount of attorney's fees was not awarded to appellee. We find no abuse of discretion by the trial court in ordering appellant to pay a portion of appellee's attorney's fees.
 {¶ 29} Assignment of Error IV is denied.
 CROSS-ASSIGNMENT OF ERROR I {¶ 30} Appellee claims the trial court erred in equitably allocating the marital debt. We disagree.
 {¶ 31} Appellee argues the trial court did not consider an $8,600 student loan and approximately $15,000 in credit card/bank debt as marital debt; therefore, there is a disparity in debt allocation because the trial court considered a "business vehicle," a Mitsubishi, as a marital debt ($18,000).
 {¶ 32} Appellee admitted to using her credit cards while the divorce was pending, and when specifically questioned, agreed that appellant should not be responsible for one-half of her debts. T. at 80-81. Appellee also admitted her debt history was not up-to-date. T. at 79; Plaintiff Exhibit 8.
 {¶ 33} Appellant testified he purchased the Mitsubishi with his funds and credit. T. at 108. Although he claimed the Mitsubishi in his corporate tax return as "used in business 100%," appellant testified "I've never been aware of that and I'll make sure I change that." T. at 166.
 {¶ 34} Upon review, we conclude the trial court did not abuse its discretion in appropriating the marital debt.
 {¶ 35} Cross-Assignment of Error I is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed in part, reversed in part and remanded.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed in part and reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.