[Cite as *Robinson v. Robinson*, 2012-Ohio-5414.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97933**

## LEATHEA E. ROBINSON

PLAINTIFF-APPELLANT

vs.

## PAUL ALLEN ROBINSON

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-327571

**BEFORE:** Blackmon, A.J., Stewart, J., and, Keough, J.

**RELEASED AND JOURNALIZED:** November 21, 2012

**ATTORNEY FOR APPELLANT**

Robert J. Sawyer
300 The Superior Building
815 Superior Avenue
Cleveland, OH 44114-2746

**ATTORNEY FOR APPELLEE**

Timothy P. Haffey
Bernard & Haffey Co., L.P.A.
5001 Mayfield Road
Suite 301
Lyndhurst, OH 44124

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Leathea E. Robinson ("wife") appeals the divorce decree issued by the domestic relations court and assigns the following three errors for our review:

**I. The trial court erred as a matter of law to the prejudice of appellant in ignoring its duty as a court of equity as it relates to division of marital and non-marital property.**

**II. The trial court erred as a matter of law to the prejudice of appellant [by] failing proper application of R.C. 3105.18 and R.C. 3105.171 as it relates to spousal support.**

**III. The trial court abused its discretion and committed error of law in denying appellant interim attorney fees and consideration of fees at conclusion of trial.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

### Facts

**{¶3}** The parties were married on June 3, 1989, and they had three children, two of whom were minors at the time of trial. The wife filed for divorce on August 11, 2009.

**{¶4}** The wife earned a B.A. prior to becoming married. She has worked over 20 years at various law firms. She currently is the docket manager for a firm where she earns approximately $54,000 a year. The husband took classes at Tri-C and is certified to work with computers. He is a database administrator for a bank where he earns $89,000 per year.

**{¶5}** When the parties first married, they resided in an apartment. Shortly, thereafter, they moved to a home on Lakeview Road in Cleveland, Ohio. Four years

prior to the marriage, appellee Paul Allen Robinson ("husband") purchased the home from HUD for $16,000. It is a 17-room home and was in need of substantial repairs. Although he purchased the home for $16,000, he refinanced the home so that he could obtain a loan for repairs and currently owes $82,306 on the mortgage. Both parties admit that he has been solely responsible for paying the mortgage on the home and performing the repairs. Both parties agreed that the home is still in need of repairs. The wife admitted that if she were awarded the home she would attempt to repair the home but would need help financially from the husband. According to the husband, pursuant to an online site that estimates property values, the home is currently worth $50,000. The wife contended the insurance company valued the replacement value of the home at $110,000.

{¶6} While the divorce was pending, both parties still lived in the home along with their three sons; the husband and wife have separate bedrooms. The evidence indicates that both parties are close to their children so the living arrangement is convenient for caring for the children.

{¶7} The parties did not share checking or savings accounts (except for a brief period at the beginning of the marriage), nor did they share credit card accounts. The wife accrued $48,000 in debt that she claimed to have spent on furnishing the home and buying food, clothing, and other items for the children. She consolidated her debt through a debt management company, which negotiated with her creditors to lower the amount she owed. She has been paying off the reduced amount and currently owes about $2,300 on the principal and $400 in interest. She no longer has the credit cards that were

part of the debt consolidation deal. However, she contends she owes $1,800 on a Sam's club card and $800 on a MasterCard. No documents were submitted to support her claims regarding her current credit card debt. She did present documentation showing she owes $14,000 to Americredit for her van.

{¶8} The husband inherited two rental properties in Cleveland. The rental income the husband receives is used to pay the mortgage on the properties. The wife contended she gave the husband $4,000 for repairs on this separate property, but the magistrate found the husband's allegation that the wife never contributed funds to the rental properties more credible.

{¶9} Along with the mortgages on the rental properties and marital home, the husband claimed he also owes $7,000 in credit card debt to Citicard, $500 in credit card debt to KeyBank, and $2,100 in credit card debt to Barclays. He presented no documents beyond his KeyBank bill to show he owed this debt. He also contends he owes $15,000 on a car note but presented no documentation of the loan.

{¶10} The trial court determined that each party should be liable for the debt that is personally in their own name. The court awarded the husband the marital home, but ordered that the wife could live there until the youngest child reaches 18 years of age and has completed high school. The court ordered that the husband would be responsible for paying the debt, taxes, and homeowner's insurance on the home during the time the wife lives there. The wife was awarded the time share property at a ski resort that the parties purchased during the marriage.

**{¶11}** The court also designated the wife as the residential parent because she spent every night at the marital home while the husband did not. The husband was ordered to pay a total of $1,035.25 in child support for the two minor children and also ordered to keep the children on his health insurance plan. The trial court ordered the parties to pay their own attorney fees.                   **Division of Marital Property**

**{¶12}** In her first assigned error, the wife argues the trial court's division of marital property was inequitable.

**{¶13}** When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). This same standard is used in reviewing orders relating to a division of marital property. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), and *Martin v. Martin*, 18 Ohio St.3d 292, 480 N.E.2d 1112 (1985). "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." *Booth* at 144.

**{¶14}** We conclude the trial court did not abuse its discretion in dividing the property. This was a marriage in which the parties kept separate checking accounts and credit cards. Because of the debt acquired by the parties, there was not much in the form of assets to divide. The parties agreed to divide their retirement benefits equally. The

rental properties inherited by the husband are his separate property. Thus, the only substantial assets were the marital home and a time share property at Alpine Valley that the parties purchased for $17,000. The trial court awarded the time share property to the wife.

**{¶15}** As to the marital home, the trial court ordered as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that title to the Marital Mansion Home located at 778 Lakeview Road, Cleveland, Ohio 44108 shall remain with the Defendant as same is awarded to him (FMV $32,000[1]). However, the exclusive right to live at said former Marital Residence is granted solely to the Plaintiff and the minor children, until parties' youngest child, \* \* \*, turned 18 years of age. Defendant is granted permission to remain living at the marital Mansion Home only if the parties agree to same. If the parties do not agree to allow Defendant to remain residing at the former Marital Mansion home, the Defendant shall have 40 days to relocate to another residence. Defendant shall not be permitted to transfer title to the Lakeview Mansion home or otherwise interfere with Plaintiff's right to reside there, with the minor children, until [the minor child]**

---

[1]The court erred in stating that $32,000 represents the fair market value of the home. Pursuant to the magistrate's report, $82,000 is left on the mortgage. The county auditor appraised the value of the home at $50,000. Thus, the $32,000 is the result of subtracting the value of the home from the balance of the mortgage and represents the marital debt for which the husband is responsible.

**turns 18 years old and completes high school. Defendant shall be responsible for paying the mortgage, homeowner's insurance, and taxes on the Lakeview residence and [Plaintiff] shall be responsible for paying for all utilities while she lives there. Defendant shall be granted liberal access, upon reasonable notice, to the Lakeview home to perform necessary maintenance and repairs.**

{¶16} The wife argues the trial court erred by failing to consider that the marital home was titled in both parties' names. No evidence of the actual title was presented at trial and the bill for the monthly mortgage that was admitted at trial shows that it is in the husband's name only. However, in his answer to the wife's complaint, the husband admitted they both owned the marital home. Regardless, we conclude the trial court did not err by awarding the home to the husband. The husband testified that he bought the home several years prior to the marriage. He also testified that over the years he has performed substantial repairs on the home, and that because the home is over 100 years old, it is in constant need of repairs for which he has been responsible. There was no evidence that the wife contributed to the mortgage or repairs to the home.

{¶17} Although the husband bought the house for $16,000, it currently has a mortgage of $82,000 because he refinanced the house to obtain money for the repairs. He has been and continues to be the person responsible for paying the mortgage on the home. Under these circumstances, where the husband has been responsible for the repairs and payment of the mortgage on the home, the trial court did not abuse its

discretion in awarding the house to the husband. The wife even admitted that if the trial court awarded her the home she would need financial help with the repairs.

{¶18} Moreover, although the husband was awarded the house, the court ordered that the wife, as the residential parent of the children, be allowed to continue living in the home until the youngest of the parties' children obtains the age of 18 and completes high school. During this time, the husband is obligated to pay the mortgage, taxes, and insurance on the home.

{¶19} The wife also argues the court should have considered the fact that the husband has $10,000 in stock with Third Federal. The stock was given to all employees of the bank as a bonus. Although the husband estimated that the stock was worth $10,000, the documentation indicated it was worth $6,677. Given the wife was awarded the time share property that the wife estimates is valued at $30,000, the court did not err in refusing to award the wife the stock.

{¶20} The wife also argues that the trial court should have considered the husband's conduct in dividing the property. She contends the husband frequently consumes alcohol and that she is the one that cares for the family and is responsible for the household expenses. However, there is nothing in the evidence to support these allegations beyond the wife's self-serving statements. There is no evidence that the husband has a problem with alcohol beyond the wife's assertion. Nor is there evidence that he does not pay for household expenses. He has paid for the mortgage, the cable T.V., and although there was a dispute regarding the payment of the water bill, for which

the wife was obligated to pay half, it appears the matter has been resolved. The wife also contends that the husband has failed to contribute towards their son's college education. However, a document was presented showing he did pay for a portion of the tuition. Additionally, as the magistrate correctly determined the payment of an adult child's schooling is not marital debt. Accordingly, the wife's first assigned error is overruled.

## Spousal Support

**{¶21}** In her second assigned error, the wife argues that the trial court erred by failing to award her spousal support or attorney fees to equalize the division of property.

**{¶22}** An award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990). In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a)-(n). *Deacon v. Deacon*, 8th Dist. No. 91609, 2009-Ohio-2491, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988), paragraph one of the syllabus. The goal of spousal support is to reach an equitable result. *Id.* at 96.

**{¶23}** Here, the trial court considered the factors set forth in R.C. 3105.18 prior to ordering the support. The factors the court considered were that (1) the parties were married for 21 years; (2) both parties are earning a salary with the wife making less than the husband in spite of the fact she has a college degree and the husband does not; (3) the parties are relatively the same age and in good health; (4) both parties consistently lived above their means during the marriage as evidenced by their consumer credit card debt

and home refinancing; (5) the husband and wife are receiving an equal amount of assets and liabilities, but the husband is assigned a greater portion of the marital debt; and (6) both parties have stable employment.

{¶24} Based on a consideration of these factors, the court awarded the wife spousal support in the form of the husband paying the mortgage and taxes on the marital home that the wife will live in until their youngest child turns 18 and graduates from high school. The amount was ordered to be nontaxable to the wife. This amounts to $800 a month and results in the wife having a place to live for free for at least seven years. We conclude under the facts of this case, the amount of spousal support was equitable. Accordingly, the wife's second assigned error is overruled.

## Attorney Fees

{¶25} In her third assigned error, the wife argues the trial court erred by failing to award her attorney fees.

{¶26} An award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶27} R.C. 3105.73(A) reads as follows:

> **In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is**

**equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate**.

**{¶28}** The magistrate recommended that each party should be responsible for their own attorney fees because the wife will have more annual income available than husband. The husband is carrying more of the marital debt, and the wife is provided with at least seven years of free housing in the form of spousal support. Under these circumstances, the trial court did not err by refusing to award the wife attorney fees. Additionally, although the wife argues the court should have conducted a hearing on the attorney fees, her counsel never objected to the magistrate's suggestion at the hearing that the parties submit their fees in writing and never requested a hearing regarding the fees. Accordingly, the wife's third assigned error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and

KATHLEEN ANN KEOUGH, J., CONCUR